## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:15-cv-638-FDW

| | |
|---|---|
| **JANICE E. BRANCH,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| **vs.** | ) |
| | )        **ORDER** |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 6) and "Memorandum in Support…" (Doc. No. 7), both filed May 17, 2016; Defendant Commissioner's Motion for Summary Judgment (Doc. No. 8) and "Memorandum in Support…" (Doc. No. 9), both filed July 19, 2016. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set for below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the Commissioner's decision is REMANDED for further proceedings consistent with this decision.

## I.     BACKGROUND

On February 4, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff alleged disability starting on October 30, 2006. This claim was initially denied on May 31, 2013, and it was denied upon reconsideration on July 22, 2013. Plaintiff filed a request for hearing on July 25, 2013. Plaintiff appeared and testified at a hearing

on May 29, 2015, in Charlotte, N.C.  Maria Vargas was the vocational expert that also appeared at the hearing.

## II.     DISCUSSION

Judicial review of a final decision of the Commissioner in Social Security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  District courts do not review a final decision of the Secretary *de novo*.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).  In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  Craig, 76 F.3d at 589.  The Administrative Law Judge ("ALJ"), and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts.  Hays, 907 F.2d at 1456.

The issue before this Court, therefore, is not whether Plaintiff is disabled, but whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### III.  ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between her alleged onset date of October 30, 2006, and December 31, 2011.[1] Plaintiff has the burden of proving she was disabled within the meaning of the Act in order to be entitled to benefits.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The Social Security Administration ("SSA") uses a five step sequential evaluation process, pursuant to 20 C.F.R. § 404.1520, for determining disability claims.  If a claimant is found to be disabled or not disabled at any step, the inquiry ends and the adjudicator does not proceed further in the process.  Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe and meets the twelve month durational requirement set forth in 20 C.F.R. § 404.1509; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering her RFC and vocational factors (age, education, and work experience).  If the claimant is able to adjust to other work,

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et. seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

considering her RFC and vocational factors, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i-v).

The claimant bears the burden of production and proof during the first four steps of the inquiry. Pass, 65 F.3d at 1203. If she is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work is available in the national economy that the claimant could perform. Id.

In this case, the ALJ determined that Plaintiff had not been engaged in substantial gainful activity since her alleged onset date of October 30, 2006, through her date last insured of December 31, 2011. (Tr. 52). At step two, he determined that Plaintiff had severe impairments of "status post 2001 lumbar spine herniated disc surgery with residual lower back pain, chronic obstructive pulmonary disease (COPD), and mild depression/anxiety." Id. At step three, the ALJ found that Plaintiff's condition did not meet any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 53). At step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b). (Tr. 54). Plaintiff's possible work is limited to "lifting and carrying 20 pounds occasionally and 10 pound frequently." Id. Plaintiff was also limited to frequent and not constant stooping, and Plaintiff had to avoid concentrated exposure to dusts, fumes, and gases. Id. Furthermore, the ALJ found that Plaintiff could perform the simple, routine, and repetitive tasks required of unskilled work, and she could have occasional contact with supervisors, coworkers, and the public. Id. The ALJ also found that Plaintiff was unable to perform any past relevant work. (Tr. 58). The ALJ also found that Plaintiff was a younger individual based on 20 C.F.R. 404.1563, had a high school education, and had the ability to communicate in English. Id. The ALJ found that transferability of Plaintiff's job skills was irrelevant because the ALJ found

4

Plaintiff "not disabled." Id. At step five, the ALJ, based on testimony of the vocational expert ("VE"), concluded that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant can perform" such as small parts assembler and hand packager. (Tr. 58-59).

On appeal to this Court, Plaintiff presents the following assignments of error: (1) the ALJ did not properly give a function-by-function analysis of Plaintiff's non-exertional mental functions and does not make a complete finding of Plaintiff's mental RFC; and (2) the ALJ erred by giving little weight to the treating physician's opinion. (Doc. No. 7, 4-5).

## A. Assessment of the Effects of Plaintiff's Mental Limitations and Ability to Stay on Task

If the ALJ finds mental impairments exist then when they are considering steps 4 and 5 of the sequential evaluation process, then they must provide a more detailed assessment of these impairments than was used in steps 2 and 3. (SSR 96-8p). In this detailed assessment, the ALJ must itemize the various functions found in paragraph B of the adult mental disorders listings in 12.00 of the Listings of Impairments. Id.

Here, the ALJ listed minor depression/anxiety as a severe impairment. (Tr. 52). The ALJ even recognized the duty to perform a more detailed assessment of Plaintiff's mental limitations. (Tr. 54). However, the Court did not find this detailed assessment of various functions in the RFC analysis. Defendant claims that this detailed analysis appears in the ALJ's discussion of Plaintiff's daily living. (Doc. No. 9, 5). However, the analysis contained in the ALJ's RFC discussion does not cover work functions Plaintiff would have needed to encounter from 2006 to her date last insured. Additionally, the ALJ's discussion of Plaintiff's daily life, including the observation that

Plaintiff's daily activities include "walking and taking care of her grandchildren," does not constitute a detailed assessment of Plaintiff's mental limitations.

Furthermore, the ALJ failed to properly consider Plaintiff's ability to stay on task in his RFC analysis. When the ALJ finds moderate limitation in concentration, persistence, or pace, the ALJ must also properly consider these limitations in the RFC. See Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). These limitations are not accounted for by restricting the Plaintiff to "simple, routine tasks or unskilled work." Id. An ALJ can exclude concentration, persistence, or pace from hypothetical questions asked to the vocational expert, but they must properly explain why a moderate limitation in these areas does not translate into a limitation in the claimant's RFC. Id.

Here, the ALJ found that Plaintiff had moderate limitation in concentration, persistence, or pace. (Tr. 53). However, the RFC analysis did not account for or provide any evidence that Plaintiff would be able to stay on task in any of the jobs available under the stated RFC. The ALJ also failed to give any indication that Plaintiff's moderate limitation in these areas did not translate into a limitation in Plaintiff's RFC. The ALJ only stated that Plaintiff's mental limitations were accounted for by limiting her to simple, routine tasks. (Tr. 58). However, limiting Plaintiff to simple, routine tasks does not properly account for her ability to stay on task at these jobs. Mascio, 780 F.3d at 638 ("the ability to perform simple tasks differs from the ability to stay on task"). Because of these errors this matter must be remanded.

## B. Treating Physician's Opinion

In light of remand, the Court only briefly addresses Plaintiff's second assignment of error. The ALJ first dismissed a portion of the treating physician's opinion because that opinion made

determinations that were reserved for the ALJ. (Tr. 56-57). The ALJ was correct in dismissing this portion of the treating physician's opinion because issues reserved for the Commissioner are not considered medical opinions. 20 C.F.R. 404.1527(d). The ALJ also does not have to give the treating physician's opinion controlling weight when it is inconsistent with evidence in the case record. 20 C.F.R. 404.1527(c)(2).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED (Doc. No. 6); Defendant's Motion for Summary Judgment is DENIED (Doc. No. 8); and this matter is REMANDED for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: August 11, 2016

Frank D. Whitney
Chief United States District Judge